COPY

Tammy Hussin, Esq. (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Neal Fultz

FILED
2013 NOV -1 AM 11:55
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ________

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

Neal Fultz,

Plaintiff,

vs.

Ad Astra Recovery Services, Inc.; and DOES 1-10, inclusive,

Defendants.

Case No.: CV13-08084-SS

**COMPLAINT FOR DAMAGES**
**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET. SEQ*;**
**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET. SEQ*.**
**3. VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET. SEQ*;**

**JURY TRIAL DEMANDED**

For this Complaint, the Plaintiff, Neal Fultz, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Neal Fultz (hereafter "Plaintiff"), is an adult individual residing in Los Angeles, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant, Ad Astra Recovery Services, Inc. ("Ad Astra"), is a Kansas business entity with an address of 3607 North Ridge Road, Suite 106, Wichita, Kansas 67205, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Collectors") are individual collectors employed by Ad Astra and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Ad Astra at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Ad Astra for collection, or Ad Astra was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. The Facts

12. Within the last year, Ad Astra contacted Plaintiff in an attempt to collect the Debt from a person other than Plaintiff (the "Debtor").

13. During all times mentioned herein, Ad Astra called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial message on a cellular telephone

14. Ad Astra used an automated voice when placing calls to Plaintiff indicating it was attempting to reach the Debtor.

15. Plaintiff does not know the Debtor and is no way responsible for the repayment of the Debt.

16. On multiple occasions, Plaintiff answered Ad Astra's calls and followed an automated prompt in an attempt to get the calls to stop. During each live conversation, Plaintiff informed Ad Astra that it was calling his personal cellular telephone and that the Debtor was unknown to him and unreachable at his telephone number.

17. Each time, Plaintiff instructed Ad Astra to remove his telephone number from the account and cease all communications with him.

18. However, despite knowing the Debtor could not be reached at Plaintiff's number and ignoring Plaintiff's multiple attempts to stop the calls, Ad Astra continued calling Plaintiff in an attempt to collect the Debt at an annoying and harassing rate, placing up to two calls to his cellular telephone per day, several days a week for successive weeks.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, *et seq.***

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

21. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

22. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.***

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

27. Ad Astra Recovery Services, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

28. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

29. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

30. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

31. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

32. The Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT III**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.***

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Plaintiff never provided his cellular telephone number to Ad Astra or the Creditor and never provided his consent to be contacted on his cellular telephone.

35. Plaintiff's telephone number is on the National Do Not Call Registry.

36. Without prior consent As Astra contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

37. Defendants continued to placed automated calls to Plaintiff's cellular telephone after being advised multiple times it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

38. The telephone number called by Ad Astra was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

39. The calls from Ad Astra to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

40. Ad Astra's telephone system has the capacity to store numbers in a random and sequential manner.

41. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

45. California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

46. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

47. The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

48. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

49. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

50. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

G. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

H. Punitive damages; and

I. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: November 1, 2013 TAMMY HUSSIN

By:______________________________
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Neal Fultz

Tammy Hussin, Esq.
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, California 92011
Telephone: (855) 301-2100 Ext. 5514
Facsimile: (203) 653-3424

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | CASE NUMBER |
|---|---|
| Neal Fultz<br><br>PLAINTIFF(S)<br>v.<br>Ad Astra Recovery Services, Inc.; and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CV13-08084 -SS<br><br>**SUMMONS** |

TO: DEFENDANT(S): Ad Astra Recovery Services, Inc.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Tammy Hussin, Esq., Lemberg & Associates, LLC, whose address is 6404 Merlin Drive, Carlsbad, CA 92011. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: NOV - 1 2013

By: [signature]
Deputy Clerk

*(Seal of the Court)*

SEAL OF THE U.S. DISTRICT COURT CENTRAL DIST. OF CALIFORNIA 1227

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*